UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAINE JOHNS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 16-cv-1106-JES |
| ) | |
| JENNIFER TINSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against Wexford Health Sources, Inc.; Jennifer Tinsley, CMT; Jane Doe, CMT; Nurse Karen; Dr. Tilden; Warden Pfister and Dr. Louis Shicker for deliberate indifference to his serious medical needs at the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on January 24, 2015, he injured his hand and finger while on the prison yard. A short time later, he was seen by Defendant Tinsley, a Certified Medical Technician ("CMT"). Defendant Tinsley taped his fingers and provided him ice and ibuprofen. She told him that he would be seen in sick call on Monday, January 26, 2015. Plaintiff was not

1

seen that Monday morning and, in the afternoon, spoke with a Jane Doe CMT. Defendant Jane Doe allegedly refused to help him stating that she could not be interrupted, as she was passing insulin. Several days later, Plaintiff spoke with Nurse Karen complaining that he was in pain and that his fingers were swollen. She told him to elevate his hand.

Plaintiff was seen in the health care unit by Dr. Tilden on February 3, 2015. Dr. Tilden ordered x-rays and told Plaintiff that his finger was dislocated. Dr. Tilden and Physician's Assistant Ojelade attempted to reduce the dislocated finger. When this was unsuccessful, they sent Plaintiff to St. James Hospital. Plaintiff alleges that St. James Hospital staff told him he had additional damage to his finger since 10 days had passed without treatment. Plaintiff believes that he has tendon damage and is in need of surgery. He claims to have sent multiple letters to Dr. Tilden, and Dr. Shicker complaining of the lack of treatment. On April 16, 2015, Plaintiff was referred to an outside facility for physical therapy which was later discontinued by Defendant Wexford Health Sources.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Id* at 590. (Citations omitted).

Plaintiff states enough, at this juncture, against CMT Tinsley, CMT Jane Doe, Nurse Karen and Dr. Tilden for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  While he names Warden Pfister in the caption, he does not allege any misconduct on Defendant Pfister's part, so he is DISMISSED.  *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) ("Section 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged.")

Defendant Shicker is also DISMISSED as Plaintiff's claim that he wrote Defendant letters is not enough to establish Defendant's personal participation in the deprivation.  *See Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if (the plaintiff) wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

As to Wexford Health Sources, Inc., a corporation can only be held liable under § 1983 if it promulgated a policy or practice which caused the deprivation.  *See Teesdale v. City of Chicago,* 690 F.3d 829, 833 (7th Cir. 2012) ("To establish [corporate] liability, a plaintiff must show the existence of an 'official policy' or other [corporate] custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights.")  As Plaintiff does not allege that Defendants' actions were done pursuant to Wexford policy, Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on a claim of deliberate indifference against Defendants Tinsley, Jane Doe, Nurse Karen and Dr. Tilden. Defendants Pfister, Shicker and Wexford Health Sources, Inc. are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [4], a Motion for Recruitment of Pro Bono Counsel. In considering Plaintiffs Motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has enclosed one letter from counsel declining representation, not enough to demonstrate that he made a reasonable attempt to obtain counsel on his own. [4] is DENIED. In the event Plaintiff renews his motion for appointment of counsel, he should list the attorneys to whom he wrote and should attach any letters sent to or received from those attorneys.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead,  the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

 _7/26/2016_                               s/James E. Shadid
ENTERED                                   JAMES E. SHADID
                                          UNITED STATES DISTRICT JUDGE